Marc V. Kalagian
Attorney at Law: 149034
Law Offices of Rohlfing & Kalagian, LLP
211 East Ocean Boulevard, Suite 420
Long Beach, CA 90802
Tel.: (562) 437-7006
Fax: (562) 432-2935
E-mail: rohlfing.kalagian@rksslaw.com

Attorneys for Plaintiff
Christine Ann Richards

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE ANN RICHARDS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 3:20-cv-00598-CLB<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

TO THE HONORABLE CARLA BALDWIN, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Christine Ann Richards be awarded attorney fees and expenses in the amount of One Thousand, One Hundred Fifty Seven dollars and forty five cents ($1,157.45) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

-1-

After the Court issues an order for EAJA fees to Christine Ann Richards, the government will consider the matter of Christine Ann Richards's assignment of EAJA fees to Marc V. Kalagian.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Christine Ann Richards, but if the Department of the Treasury determines that Christine Ann Richards does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Law Offices of Rohlfing & Kalagian, LLP, pursuant to the assignment executed by Christine Ann Richards.[1]  Any payments made shall be delivered to Marc V. Kalagian.

This stipulation constitutes a compromise settlement of Christine Ann Richards's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Christine Ann Richards and/or Marc V. Kalagian including Law Offices of Rohlfing & Kalagian, LLP may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc V. Kalagian and/or the Law Offices of Rohlfing & Kalagian, LLP to seek Social Security Act attorney

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

1   fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the

2   EAJA.

3   DATE: March 22, 2021          Respectfully submitted,

4                                 ROHLFING & KALAGIAN, LLP

5                                 /s/ *Marc V. Kalagian*

6                          BY:_____

7                                 Marc V. Kalagian
                                  Attorney for plaintiff Christine Ann Richards

8

9   DATED: March 22, 2021

10                                CHRISTOPHER CHIOU
                                  Acting United States Attorney

11

12                                /s/ *Allison J. Cheung*

13                         _____

14                                ALLISON J. CHEUNG
                                  Special Assistant United States Attorney

15                                Attorneys for Defendant ANDREW SAUL,
                                  Commissioner of Social Security
                                  (Per e-mail authorization)

16

17

18

19

20

21

22

23

24

25

26

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 211 E. Ocean Blvd., Ste. 420, Long Beach, CA 90802.

On this day of March 22, 2021, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ms. Christine Ann Richards
4005 Moorpark Ct., Apt. M185
Sun Valley, NV 89433

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian  ____
TYPE OR PRINT NAME

*/S/ Marc V. Kalagian*
SIGNATURE

**CERTIFICATE OF SERVICE**
**FOR CASE NUMBER 3:20-CV-00598-CLB**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for this court by using the CM/ECF system on March 22, 2021.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system, except the plaintiff

served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
9
10   CHRISTINE ANN RICHARDS,              )   Case No.: 3:20-cv-00598-CLB
                                          )
11              Plaintiff,                )   {PROPOSED} ORDER AWARDING
                                          )   EQUAL ACCESS TO JUSTICE ACT
12        vs.                             )   ATTORNEY FEES AND EXPENSES
                                          )   PURSUANT TO 28 U.S.C. § 2412(d)
13   ANDREW SAUL,                         )   AND COSTS PURSUANT TO 28
     Commissioner of Social Security,     )   U.S.C. § 1920
14                                        )
                Defendant                 )
15                                        )
     _____ )
16
17        Based upon the parties' Stipulation for the Award and Payment of Equal

18   Access to Justice Act Fees, Costs, and Expenses:

19        IT IS ORDERED that fees and expenses in the amount of $1,157.45 as

20   authorized by 28 U.S.C. § 2412, and no costs authorized by 28 U.S.C. § 1920, be

21   awarded subject to the terms of the Stipulation.

22   DATE:

23                          _____
24                          THE HONORABLE CARLA BALDWIN
                            UNITED STATES MAGISTRATE JUDGE
25
26

                                       -1-

## SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on March 25, 2020, by and between the Law Offices of Lawrence D. Rohlfing referred to as attorney and **Ms. Christine Ann Richards**, S.S.N. ████ **9227**, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing to represent Claimant as Ms. Christine Ann Richards's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is **smaller**, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration**. Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to prior or referring attorneys or bar referral service.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

_____          _____
Ms. Christine Ann Richards                         Law Offices of Lawrence D. Rohlfing